From Chowan.
Some time afterwards, to wit, in 1806, in a conversation between the parties, it was mutually agreed to have the tract of 221 acres last sold surveyed, and if it were found to contain more than 221 acres (the number of acres called for by the deed) the defendant should pay to the plaintiff $10 per acre for the excess; and if, on the other hand, it should fall short of that number of acres, the plaintiff should refund to the defendant at the same rate per acre. In October, 1806, a survey was accordingly made, and the tract was found to contain 308 acres, including swamp on two of the lines, 87 acres more than the deed called for. This action was brought to recover the sum of $870, with interest, etc.
For the defendant it was contended, first, that unless from the presumption that the agreement proved subsisted between the parties at the time of the execution of the conveyance in 1802, there was no consideration to support it, and that such presumption would be not only violent, but against the solemn deed of the parties. That the evidence was improper and ought not to have been received, inasmuch as it goes to establish a parol agreement in express contradiction of the solemn deed of the parties; for if any meaning is to be given to the words, "be the same more or less," in the deed of 1802, the plaintiff had at that time sold and absolutely conveyed all the lands which he held under his conveyance from Hall, and that therefore there was nothing for the agreement to operate upon. *Page 204 
For the plaintiff it was urged that there was no necessity (289) for resorting to the presumption that the agreement proved subsisted between the parties at the time of the execution of the conveyance in 1802, or go in search of a consideration to support it, inasmuch as the promises were mutual and each a consideration for the other. That the number of acres in the tract was quite uncertain, and, for aught that the plaintiff knew, might have been less than the number expressed in the deed. His promise, therefore, to pay the defendant in that event $10 for every acre so falling short was a good consideration to support the promise of the defendant, to enforce which the action was brought. This agreement is not in contradiction of the deed, but perfectly consistent with it; it was quite a distinct transaction and not intended to control, explain or vary the deed in any respect, but stood entirely on its own bottom.
Here are mutual promises; one is made the consideration of the other, and we are of opinion that the plaintiff's promise to refund in the event of a deficiency in the number of acres is a good consideration to support the defendant's promise to pay, should there be more acres than called for by his deed. Judgment for the plaintiff.
(290)